| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | § CASE NO. 9:21-CR-34 (8) |
| | § |
| RICHARD LYLES | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Richard Lyles's *pro se* motion, wherein he appears to request credit for time served in pretrial detention (#334). Having reviewed the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On October 20, 2021, a federal grand jury in the Eastern District of Texas, Lufkin Division, returned a twelve-count Indictment, naming Lyles and ten codefendants. Lyles was charged in Count One with Conspiracy to Distribute and Possess with Intent to Distribute 5 grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 846, and in Count Twelve with Distribution and Possession with Intent to Distribute 5 grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On November 16, 2021, an Order for Writ of Habeas Corpus Ad Prosequendum (#62) was entered, ordering that the United States Marshal and the Sheriff of Hardin County, Texas, produce Lyles to appear for an Initial Appearance hearing on December 7, 2021, as well as all further proceedings in the above-captioned matter. On March 23, 2022, Lyles pleaded guilty to the offense charged in Count One of the Indictment. Subsequently, on March 7, 2023, the court sentenced Lyles to 84 months' imprisonment, to be followed by 5 years of supervised released. The Judgment provides: "The term of imprisonment imposed by this judgment shall run concurrently with the defendant's imprisonment in any future state sentence imposed in the 159th Judicial District Court of Angelina County, Texas, in Docket

Number 2020-0051; and consecutively to the defendant's imprisonment in any other future state sentence." Lyles is currently housed at FCI Forrest City, located in Forrest City, Arkansas.

The court construes Lyles's motion as requesting that the court direct the Federal Bureau of Prisons ("BOP") to award him prior custody credit for the time he spent in federal custody while awaiting federal prosecution and sentencing. The proper procedural vehicle for such a request is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Jackson*, 851 F. App'x 495, 497 (5th Cir. 2021) (holding that § 2241 is "the proper vehicle for obtaining credit for prior custody"); *see United States v. Johnson*, No. 21-60616, 2022 WL 2462581, at *1 (5th Cir. July 6, 2022) (holding that § 2241 is the proper vehicle to seek credit against a federal sentence for the time spent in state custody); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018) (quoting *United States v. Setser*, 607 F.3d 128, 133 n.3 (5th Cir. 2010), *aff'd*, 566 U.S. 231 (2012)); *Robertson v. Werlich*, 667 F. App'x 853, 854 (5th Cir. 2016); *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015); *United States v. Howard*, 594 F. App'x 248, 249 (5th Cir. 2015) (noting that the Attorney General's decision in calculating a prisoner's time served is reviewable through a 28 U.S.C. § 2241 petition). For purposes of judicial economy, a motion seeking credit for time served is construed as a petition for habeas corpus relief. *See, e.g.*, *United States v. Melbert*, 410 F. App'x 750, 752 (5th Cir. 2010) (stating that "(i)nsofar as [defendant] is challenging the manner in which his sentence is being executed and he is seeking credit on his federal sentence for prior custody, his motion was properly construed by the district court as arising under 28 U.S.C. § 2241"); *United States v. Reed,* 100 F. App'x 258, 259 (5th Cir. 2004) (treating defendant's motion for time credit as arising under § 2241); *United States v. Surasky*, 61 F. App'x 120, 120 (5th Cir.

2003) (analyzing motion for time to be credited against federal sentence as habeas petition); *United States v. Ramirez*, 70 F.3d 1267, 1267 (5th Cir. 1995) (viewing motion seeking credit for prior custody as § 2241 action); *United States v. Dorsey*, No. CR 15-186, 2024 WL 3028239, at *1 (E.D. La. June 17, 2024) (noting that the court previously construed defendant's motion seeking credit for time served in federal custody before his sentences as a habeas petition under § 2241). Accordingly, Lyles's motion will be considered as if it were a § 2241 habeas petition.

A federal prisoner must exhaust his administrative remedies before seeking habeas corpus relief in federal court under § 2241. *Poff v. Carr*, No. 22-10623, 2023 WL 2240463, at *1 (5th Cir. Feb. 27, 2023) (quoting *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012); *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020); *Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018); *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017); *Setser*, 607 F.3d at 133 n.3. This exhaustion requirement applies to the computation of prior custody sentence credit. *See, e.g.*, *Aparicio*, 963 F.3d at 478; *Smith v. McConnell*, 950 F.3d 285, 287 (5th Cir. 2020); *Falcetta*, 734 F. App'x at 287; *Rodriguez-Falcon*, 710 F. App'x at 243; *Smith v. Upton*, 477 F. App'x 289, 289 (5th Cir. 2012). Exceptions are warranted only in "extraordinary circumstances," such as where administrative remedies are unavailable or "wholly inappropriate" or where the petitioner has demonstrated the futility of administrative review. *Fillingham*, 867 F.3d at 535; *Gallegos-Hernandez*, 688 F.3d at 194; *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007).

Moreover, under 18 U.S.C. § 3585(b), a federal district court does not have the authority to compute the amount of credit for time served to be accorded to a defendant. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Moore*, No. 23-30573, 2024 WL

3493802, at *3 (5th Cir. July 22, 2024) ("It is well-established that only the Bureau of Prisons can determine whether a defendant is entitled to time-served credits."); *United States v. Montero*, No. 21-30767, 2023 WL 2400746, at *2 (5th Cir. Mar. 8, 2023) (citing *United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2020)); *Aparicio*, 963 F.3d at 478; *Smith*, 950 F.3d at 288; *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017). Indeed, "[d]istrict courts lack the jurisdiction to compute prior-custody credit at sentencing." *United States v. Wynder*, 659 F. App'x 761, 763 (5th Cir. 2016); *accord Wilson*, 503 U.S. at 333 ("[C]omputation of the [prior-custody] credit must occur after the defendant begins his sentence."); *Montero*, 2023 WL 2400746, at *2 ("[T]he sentencing court is not authorized to order credit for time served."); *Aparicio*, 963 F.3d at 477 ("Federal law does not authorize a district court to compute the credit at sentencing."); *In re U.S. Bureau of Prisons, Dep't of Just. (In re BOP)*, 918 F.3d 431, 438-39 (5th Cir. 2019) ("The Supreme Court has squarely held that § 3585(b) 'does not authorize a district court to compute the credit at sentencing.' This responsibility belongs to the Attorney General, acting through the BOP." (quoting *Wilson*, 503 U.S. at 334-35)). "Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision." *In re BOP*, 918 F.3d at 439. Rather, the Attorney General, acting through the BOP, is responsible for administering the sentence and determining prior-custody credit for a defendant. *See Wilson*, 503 U.S. at 335; *Montero*, 2023 WL 2400746, at *2; *Aparicio*, 963 F.3d at 476; *Smith*, 950 F.3d at 288; *Rodriguez-Falcon*, 710 F. App'x at 243; *Hankton*, 875 F.3d at 792; *Green*, 2021 WL 1929552, at *1 (denying defendant's motion for hard time credit in part because "the BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence"); *United States v. Barnes*, CR No. 113-119, 2021 WL 1395199, at *1 (S.D.

Ga. Apr. 13, 2021) ("[M]atters concerning length of sentence determinations are better directed to the BOP, not this Court.").

The BOP has a four-step administrative process by which an inmate may seek a formal review of an issue that relates to any aspect of his confinement. *See* 28 C.F.R. § 542. Initially, a prisoner must present the complaint to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure is unsuccessful, the prisoner may then submit an Administrative Remedy Request to the warden of the facility where he is incarcerated. 28 C.F.R. § 542.14(a), (c). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If still dissatisfied, the prisoner may appeal to the Office of General Counsel. *Id.* The appeal to the General Counsel is the final administrative appeal provided by the BOP. *Id.*

It is well established, however, that a petition for a writ of habeas corpus under § 2241, when filed by a defendant who is physically confined within the United States at the time of the motion, may be considered only by the district court in the jurisdiction where the defendant is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) ("The only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district in which the prisoner is confined."); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *Oklahoma v. Tellez*, No. 7:22-cv-00108-0, 2022 WL 17069132, at *2 (N.D. Tex.

Nov. 17, 2022); *Hartfield v. Quarterman*, 603 F. Supp. 2d 943, 956 (S.D. Tex. 2009) (holding that the proper jurisdiction for a confined defendant bringing a § 2241 habeas petition was the Eastern District of Texas, where the defendant was confined, not the Southern District of Texas, where the defendant was convicted and sentenced).

Here, Lyles is confined at FCI Forrest City, located in Forrest City, Arkansas, which is within the jurisdiction of the Eastern District of Arkansas. This court, therefore, lacks jurisdiction to address the merits of Lyles's motion. A district court that receives a § 2241 habeas petition but lacks jurisdiction, however, may transfer the petition to the appropriate federal district court if the transfer "is in the interest of justice." 28 U.S.C. § 1631; *Chappell v. Colorado*, No. 24-1033, 2024 WL 2973701, at *2 n.5 (10th Cir. June 13, 2024); *Warner v. Rivers*, No. 3:22-CV-621-G-BK, 2022 WL 2195216, at *3 (N.D. Tex. May 31, 2022). A court need not transfer a § 2241 petition, however, if the transfer would be futile. *See Alvarado v. United States*, No. 7:20-CV-0347, 2021 WL 4464186, at *4 (S.D. Tex. May 21, 2021) (stating "[i]t is not in the interest of justice to transfer a clearly meritless case."); *United States v. Blankenship*, Cr. No. 12-00641 JMS, Civ. No. 19-00593 JMS-KJM, 2019 WL 5872471, at *2-3 (D. Haw. Nov. 1, 2019) (explaining that transfer of a prisoner's § 2241 petition was "not in the interest of justice" where the prisoner "[did] not allege that he submitted a claim for administrative remedies, let alone that he exhausted such process"); *Porter v. United States*, No. 4:15-cv-0908-CLS-JEO, 2015 WL 9592432, at *1 (N.D. Ala. July 10, 2015) (recommending that the district court decline to transfer a prisoner's § 2241 petition in part because the prisoner failed to "allege resort to any administrative remedies or why doing so might have been futile"), *adopted by* No. 4:15-cv-0908-CLS-JEO, 2015 WL 9583285 (N.D. Ala. Dec. 31, 2015).

As explained above, Lyles has not demonstrated that he exhausted his administrative remedies regarding his motion for time credit. Because Lyles has failed to satisfy this prerequisite to judicial review, transfer of his motion would be futile and not in the interest of justice. Accordingly, the court declines to transfer Lyles's motion for time credit (#334) to the Eastern District of Arkansas, and the motion is DISMISSED without prejudice for lack of jurisdiction.

SIGNED at Beaumont, Texas, this 18th day of November, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE